UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| LUV N' CARE, LTD. and NOURI E. HAKIM,<br><br>Plaintiffs,<br><br>vs.<br><br>SMIGGLE PTY LTD,<br><br>Defendant | Civil Action No.: 3:17-cv-1658<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiffs, Luv n' care, Ltd. (LNC) and Nouri E. Hakim (Hakim) seek a declaratory judgment that they violate no right of Smiggle Pty Ltd. (SPL), cancelation of SPL's registrations for the Smiggle mark based on their fraudulent procurement, damages and an injunction for SPL's false and misleading statements.

## THE PARTIES

1.   Plaintiff LNC is a corporation organized and existing under the laws of the State of Louisiana, having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

2.   Plaintiff Hakim is an individual citizen and resident of Monroe, Louisiana, having a business address at 3030 Aurora Avenue, Monroe, Louisiana.

3.   Defendant SPL is an alien limited company organized under the laws of Australia and has a principal place of business at 658 Church Street, Richmond, Victoria Australia 3121.

1

## NATURE OF THE ACTION, JURISDICTION AND VENUE

4. This is a civil action for a Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 seeking a declaration that Plaintiffs violate no valid rights of Defendant and also seeks damages and injunctive relief for false representation and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 *et seq*.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338 because this action (a) arises under the laws of the United States, (b) is a dispute involving an amount in controversy exceeding $75,000 between citizens of the United States and the subject of a foreign state, (c) arises under the Trademark Laws of the United States and (d) asserts an unfair competition claim joined with a substantial and related claim under the Trademark Laws of the United States.

6. This Court has personal jurisdiction over the Defendant because (1) Plaintiffs' claims arise in whole or in part out of Defendant's purposeful and intentional conduct in Louisiana and this Judicial District, (ii) Defendant purports to engage in commerce by distributing products to residents of the United States including the State of Louisiana and is therefore doing business in the State of Louisiana including this Judicial District, (iii) Defendant has directly threatened Plaintiffs by sending email correspondence to Plaintiffs at there business locations in the State of Louisiana, (iv) Defendant's activities and acts of unfair competition giving rise to this action are occurring in the State of Louisiana, (v) Defendant purports to use in commerce products that are injected into the stream of commerce with the intent and expectation that those products will be purchased by consumers, customers and potential purchasers in Louisiana and this Judicial District and (vi) Defendant benefits financially from the Louisiana

market by selling products that are ultimately delivered in Louisiana and this Judicial District. Defendant is subject to personal jurisdiction under the provisions of the Louisiana Long Arm Statute, La. R.S. § 13:3204, by virtue of the fact that Defendant has caused injury or damage by an offense or quasi offense committed through an act or omission in this state, has caused injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state and Defendant regularly does or solicits business, and engages in other persistent course of conduct, and derives revenue from goods used or consumed or services rendered in this state, and has availed itself of the privilege of conducting and soliciting business within this State, including engaging in the unfair acts alleged herein through communicating threats and intimidation in this State.  The allegations and claims set forth in this action arise out of Defendant's acts of unfair competition within this State and this Judicial District, such that it would be reasonable for this Court to exercise personal jurisdiction consistent with the principles underlying the United States Constitution and would not offend traditional notions of fair play and substantial justice.

7. Defendant has also established minimum contacts with this Judicial District by regularly transacting and doing business within this Judicial District, employing a highly interactive website at www.smiggle.com.au that promotes, advertises, markets, distributes, offers for sale and sells products over the internet and within this State and Judicial District.  Defendant has purposefully directed activities at citizens of this State and located within this Judicial District.

8. Venue in the Western District of Louisiana is proper pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(c)(2) and 1391(c)(3) because a substantial part of the events or omissions giving rise to the claims occurred, and a substantial part of the property that is the subject of the

action is situated, in the State of Louisiana and this Judicial District, the Defendant is subject to the personal jurisdiction of this Court and the Defendant does not reside in the United States.

## FACTS

9. LNC was founded by Hakim in the 1980's. Since that time LNC and Hakim have excelled as designers and sellers of innovative, high quality and attractive products for babies and small children. Based on its innovative, high quality and attractive designs, LNC is now known as one of the leading baby product companies in the world.

10. Hakim is the named inventor on 100's of patents throughout the world and is well known within the baby products industry as an accomplished inventor and innovator.

11. LNC's products are sold throughout the United States, including the territory of the Western District of Louisiana, by major retailers.

12. LNC enjoys a good reputation with consumers and retailers, both in the United States and internationally, for innovative, high quality and attractive product designs. Those designs are mostly the result of Hakim's inventiveness and attention to detail.

13. LNC's products are among the most popular and well-known products in the baby products industry and those products are famous throughout the United States and worldwide.

14. LNC and Hakim place substantial importance on the innovativeness of their products and as industry leaders being the first to offer trend-setting products. LNC and Hakim enjoy a good reputation for designing and selling some of the most innovative, high quality and attractive products.

15. SPL purports to be an Australia company located at 658 Church Street, Richmond, Victoria Australia 3121.

16. SPL purports to design and sell stationary products. LNC does not now nor has it future plans to enter the stationary products market. LNC and Hakim do not sell products that compete with SPL.

17. SPL has three registrations and two applications to register the Smiggles mark in the United States. A requirement for a US trademark registration is that the mark be used in commerce on the goods or services described in the registration. Before a US trademark registration can issue to the applicant, the applicant must provide a sworn statement attesting to the use of the mark in commerce on the goods or services described in the registration. SPL in connection with two of its trademark registrations, Nos. 3,068,447 and 3,924,495, submitted false declarations attesting to the use in commerce of the goods and services described in those registrations. The goods and services identified in the declarations are not in use in commerce. But for these false declarations the trademark registrations would not have issued.

18. SPL recently accused LNC and Hakim of developing competing products and proposing to sell those products under the mark "giggles." SPL asserted that "giggles" was an infringement of its mark "Smiggles." LNC and Hakim did not develop a competing product and have not used the "giggles" mark or any other similar mark with any LNC product or service. LNC and Hakim have not now or in the past associated any mark similar to Smiggles with any LNC product or service. LNC and Hakim have no future plans to use giggles or any other similar mark with any product or service.

19. SPL has falsefully and wrongfully accused LNC and Hakim in writing with infringing the Smiggles mark and has threatened to sue LNC and Hakim. SPL's written communications were directed to and have been delivered to LNC and Hakim at their office in Monroe Louisiana. SPL has communicated these same false and wrongful statements to third

parties including customers and potential customers of LNC and Hakim. To the extent SPL has communicated these false and wrongful statements to third parties, they have done so with a malicious intent to harm LNC and Hakim by besmirching and tarnishing their reputations as designers and sellers of innovative, high quality and attractive products. LNC and Hakim have been damaged by these false and wrongful statements.

20. SPL's false statements to third parties create a substantial risk of reputational damage to LNC and Hakim because those third parties receiving SPL's false statements are likely to question LNC's and Hakim's innovativeness, potentially diminishing LNC's and Hakim's highly valuable reputation.

21. LNC respectfully requests an immediate halt to SPL's false statements, claims and representations.

### FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT OF NO TRADEMARK VIOLATION
### (Lanham Act, 15 U.S.C. §1051, et seq.)

22. Plaintiff repeats and realleges each and every allegation contained in the preceding and subsequent paragraphs as if fully set forth herein.

23. Defendant SPL purports to own trademark registrations in the United States for the mark Smiggles including registration Nos. 3,068,447 and 3,924,495.

24. Defendant SPL's purported trademark registrations were issued on the basis of declarations submitted by SPL. The declarations state that SPL is using the mark in commerce on specified good and services. SPL is not using the mark in commerce on the specified goods and services. The declarations were false and constitute a fraud on the United States Patent and Trademark Office. At the time SPL caused the declarations to be filed with the United States Patent and Trademark Office, SPL knew the statements to be false. Also at the time SPL caused

the declarations to be filed with the United States Patent and Trademark Office, SPL knew the United States Patent and Trademark Office would rely on those declarations in deciding whether to issue the registrations. But for the false declarations, the United States Patent and Trademark Office would not have issued trademark registration Nos. 3,068,447 and 3,924,495 to SPL. As the registrations were acquired by fraud and deceit, they are unenforceable and must be cancelled.

25. Defendant SPL has accused LNC and Hakim of infringing SPL's Smiggles trademark. Neither LNC nor Hakim have used the Smiggles mark on or associated with any product or service. Neither LNC nor Hakim have any current or future intention of using the Smiggles mark on or associated with any product or service. Neither LNC nor Hakim have instructed or induced any other person to use the Smiggles mark on or associated with any product or service. Neither LNC nor Hakim have committed any act relating to the Smiggles mark that would constitute infringement under the Trademark Laws of the United States, the Trademark Laws of the State of Louisiana or the statutory or common law of any other state relating to trademarks.

26. Plaintiffs LNC and Hakim seek a judgment declaring they have violated no valid right of Defendant SPL and that SPL's trademark registration Nos. 3,068,447 and 3,924,495 were fraudulently procured, are unenforceable and are to be cancelled.

## SECOND CLAIM FOR RELIEF – FALSE REPRESENTATION
### (Lanham Act Violation, 15 U.S.C. §1125(a))

27. Plaintiff repeats and realleges each and every allegation contained in the preceding and subsequent paragraphs as if fully set forth herein.

28. Defendant SPL has communicated to third parties that Plaintiffs LNC and Hakim infringed SPL's trademarks through the purported use of giggles on goods and services. These statements were made in connection with goods and services used in commerce.

29. Plaintiffs LNC and Hakim have not infringed SPL's trademarks. Plaintiffs LNC and Hakim have no future plans to infringe SPL's trademarks.

30. Defendant SPL's communications to third parties, that Plaintiffs LNC and Hakim infringed SPL's trademarks, were false and misleading and were known to SPL to be false and misleading at the time they were made.

31. Plaintiffs LNC and Hakim have been damaged by Defendant SPL's false and misleading statements.

### THIRD CLAIM FOR RELIEF – LOUISIANA LUPTA VIOLATION
### (La. R.S. § 51:1401)

32. Plaintiff repeats and realleges each and every allegation contained in the preceding and subsequent paragraphs as if fully set forth herein.

33. Defendant SPL has communicated to third parties that Plaintiffs LNC and Hakim infringed SPL's trademarks through the purported use of giggles on goods and services. Plaintiffs LNC and Hakim have not infringed SPL's trademarks. Plaintiffs LNC and Hakim have no future plans to infringe SPL's trademarks.

34. Defendant SPL's communications to third parties, that Plaintiffs LNC and Hakim infringed SPL's trademarks, were false and misleading and were known to SPL to be false and misleading.

35. In direct consequence of Defendant SPL's false and misleading statements made to third parties who are customers or potential customers of Plaintiffs LNC and Hakim, Plaintiffs LNC and Hakim have suffered an ascertainable loss of money and corporal and incorporeal

moveable property as a result of the use or employment of an unfair and deceptive method, act and practice.

36. The acts of Defendant SPL complained of herein were made with a malicious intent to harm and damage Plaintiffs LNC and Hakim.

37. Plaintiffs LNC and Hakim have been damaged by Defendant SPL's unfair and deceptive methods, acts and practices.

38. Defendant SPL made the false and misleading statements in the course of its business.

39. Defendant SPL's false and misleading statements constitute unfair and deceptive methods, acts and practices in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law.

40. Plaintiff LNC and Hakim have no adequate remedy at law to address these injuries.

**REQUEST FOR RELIEF**

Wherefore, Plaintiffs LNC and Hakim respectfully request that the Court enter judgment as follows:

A. That Plaintiffs LNC and Hakim violate no right of Defendant SPL under the Trademark Laws of the United States;

B. That an Order be entered preliminarily and permanently enjoining Defendant SPL from disseminating or causing the dissemination of false and misleading statements;

C. That an Order be entered awarding actual and punitive damages to Plaintiffs LNC and Hakim as proven at the trial of this action in accordance with United States and Louisiana Law;

D. That an Order be entered granting Plaintiff LNC its costs and disbursements in this action, including its reasonable attorneys' fees; and

E. All such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiffs LNC and Hakim demands trial by jury in this action of all issues so triable.

Respectfully submitted this 21st day of December 2017.

/s/ Robert M. Chiaviello, Jr.
Robert M. Chiaviello, Jr.
Louisiana State Bar No. 37370
E-Mail:  bobc@nuby.com
3030 Aurora Avenue
Monroe, LA 71201
Telephone:  (318) 410-4012
Facsimile:   (318) 388-5892

Joe D. Guerriero
Louisiana State Bar No.  06391
E-Mail:  JoeD@nuby.com
3030 Aurora Avenue
Monroe, LA 71201
Telephone:  (318) 338-3603
Facsimile:   (318) 388-5892

Attorneys for Plaintiff Luv n' Care, Ltd.